BARFIELD, Judge.
Defendants, Larry Weems and Collie Davis, appeal their convictions on the grounds that the trial court erred in denying their motions to suppress. We reverse.
The charges stem from an October 3, 1984, incident in which a Florida Highway Patrolman, Trooper C.W. Johnson, stopped the car in which the defendants and two others were riding and discovered drugs in the trunk of the vehicle. It is the frank and candid testimony of patrolman Johnson, whose honesty and integrity is apparent in his testimony before the court, that ironically gives rise to our reversal.
The two statements by Johnson which are determinative of the issue before us are as follows:
I had thought that there was a good possibility that his vehicle was the one that I had received the 79 mile an hour clock on, but due to my inattention and the line of traffic and the distance and the angle involved, I wasn’t certain enough on the radar clock to issue the citation. So I was going to give him a verbal warning and check his driver’s license and let him be on the way.
... I couldn’t tell exactly which one I had gotten the 79 on.
The standard governing a stop in this case is clear. An officer must possess a well-founded, reasonable suspicion based upon objective, specific, articulable facts that those detained in the stop of a vehicle have committed, are committing, or are *1140 about to commit a violation of the law. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); State v. Webb, 398 So.2d 820 (Fla.1981).
Trooper Johnson’s stop was well intentioned but admittedly speculative. It fell within the prohibited class of random stops rejected in Delaware v. Prouse.
The trial court should have granted defendants’ motions to suppress. The suppression of the evidence is dispositive of the charges. Accordingly, the defendants’ convictions are REVERSED and the case is REMANDED to the trial court with directions that the defendants be DISCHARGED.
SMITH, J., concurs.
WENTWORTH, J., dissents.